°(113 App. Div. 108)

## CHARTERS v. PALMER.

(Supreme Court. Appellate Division, First Department. May 11, 1906.)

1. MUNICIPAL CORPORATIONS—NEGLIGENCE IN DRIVING VEHICLE IN STREET—EVIDENCE.

   Defendant's negligence was established where it appeared that plaintiff's intestate was run over in a street by a rapidly moving truck belonging to defendant, the driver of which was looking backwards, and not giving attention to the street ahead.

   [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1515.]

2. DEATH—ACTION FOR CAUSING—CONTRIBUTORY NEGLIGENCE OF DECEASED—QUESTION FOR JURY.

   In an action for the death of one run over by a truck, the question of decedent's contributory negligence held one for the jury.

   [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Death, § 141.]

3. SAME—SUFFICIENCY OF EVIDENCE.
> In an action for negligence resulting in death owing to the difficulty of proving freedom from contributory negligence, the rule with respect to the evidence of care is not so rigid as otherwise.
>
> [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Death, § 94.]

Appeal from Trial Term, New York County.

Action by Elizabeth Charters, as administratrix of the estate of John Charters, deceased, against Clarence M. Palmer. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

David C. Hirsch, for appellant.
Charles S. Petrasch, for respondent.

LAUGHLIN, J. This is a statutory action to recover for the death of John Charters, alleged to have been caused by the negligence of the defendant. The decedent was about 54 years of age, in the possession of all his faculties, and in the employ of the street cleaning department of the city of New York as a street sweeper, and had been so employed upwards of nine years. He used a car carrier, which is a three-wheeled vehicle, pushed like a baby cart, carrying several cans for carting away street sweepings, and a large, wide, long-handled broom and a shovel. On the 19th day of January, 1903, he was working on Avenue A, between Sixty-First and Sixty-Fourth streets. His hours of labor upon the street were from 7 a. m. until 4 p. m. His push cart and implements were kept at the station at the southwest corner of Sixty-Fifth street and Third avenue, and he was obliged to report there for duty in the morning and at the close of working hours for the day. He left his post on the day in question to report at the station at Sixty-Fifth street and Third avenue. He came westerly on the carriageway of Sixty-Third street, pushing his cart containing his broom and shovel. He was dressed in the white uniform, with a white helmet, customarily worn by street sweepers. He turned into Second avenue at the northeast corner of Sixty-Third street, and was proceeding northwesterly in the carriageway of Second avenue, his course being diagonally toward the northwest corner of Sixty-Fourth street and Second avenue, as if he intended to go through Sixty-Fourth street to Third avenue. There is a double street railway track in Third avenue and an elevated railroad above.

The evidence is open to conflicting inferences, and it might be found therefrom that while he was crossing the first or easterly street railroad track at a point from 40 to 60 feet northerly of the northerly crosswalk of Sixty-Third street, when the push cart was in the middle of the track, and he was about upon the first rail, he was run down by a loaded sugar truck owned by the defendant. The truck was drawn by two horses. The horses were going very fast, trotting or running, and going north and on the north-bound track. The plaintiff was struck and knocked down by the head or shoulders of the off horse. The evidence tends to show that the driver was, and had been from the time he

crossed Sixty-Third street, looking back, and not giving proper attention to the street ahead of the horses he was driving, and that the horses were a considerable distance away from the deceased when the push cart passed into the lines along which the team and wagon were moving.   Only two eyewitnesses to the accident were called.   They were a father and his son, 10 or 11 years of age, who were on a brewery wagon passing down the westerly side of Second avenue, just opposite the defendant's wagon, at the time of the collision.   As there was nothing to attract their attention until the accident, or, at least, until they saw the wagon approaching rapidly, it could not be expected that they closely observed the conduct of the deceased before the collision became imminent.   They do not assume to tell us whether or not he looked for approaching vehicles as he was proceeding in his course up and diagonally across the street. · If he did look, and saw the vehicle approaching, the evidence is susceptible of the inference that it was so far away that it could not be said as matter of law that he was guilty of negligence in proceeding on his way.   The fact that he was looking straight in the direction in which he was going at the moment he was struck does not show that he had not exercised proper care.   While the degree of care required to be exercised by the deceased was the same as if he had not been killed, yet, owing to the fact of his death and the difficulty in proving freedom from contributory negligence in such cases, the rule with respect to the evidence of care is not so rigid.   Although he was crossing the street, he was not crossing at right angles. The jury might well have found that his course was far more along, than across, the street.   The blocks are 200 feet long.   The paved carriageway would not be over 50 feet in width.   He may have been going, then, at least four or more feet up the street to one across, and his back would be more than half way turned toward a vehicle approaching from the south.   If he had been struck by a street car traveling in a fixed groove, and unable to turn out, perhaps the nonsuit would be sustained.   He was, however, run down unnecessarily by a vehicle to which his back must have been partially turned, and which should have slowed down or turned out.   A street car was coming some little distance behind the wagon, but there was nothing to prevent the defendant's driver from turning out on either side.   The negligence of the defendant was clearly shown, and we are of the opinion that it cannot be said as a matter of law that the decedent was guilty of contributory negligence.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.   All concur.